United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51411
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRMA VERONICA SALVATIERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-02-CR-933-1)

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Irma Veronica Salvatierra appeals her convictions for: conspiracy to import, and importation of, 100 kilograms or more of marijuana; and conspiracy to possess with intent to distribute, and possession with intent to distribute, 100 kilograms or more of marijuana. She contends: (1) her conviction should be reversed because the prosecutor made an improper remark during closing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument (concerning jury's doing something about drug use in community); and (2) her sentence should be vacated because the district court erred by not granting her a two-level reduction in her total offense level due to her minor role in the offense.

The claimed prosecutorial misconduct is reviewed under a two-step process by which we determine: (1) whether the comment was improper; and (2) whether it prejudiced Salvatierra's substantive rights. *See, e.g., United States v. Lankford*, 196 F.3d 563, 574 (1999), *cert. denied*, 529 U.S. 1119 (2000). Assuming *arguendo* that the comment was improper, there was ample evidence for the jury to convict Salvatierra in the absence of the prosecutor's comment; therefore, she has not demonstrated that it prejudiced her substantial rights. *See United States v. Duffaut*, 314 F.3d 203, 210-11 (5th Cir. 2002); *see also United States v. Casilla*, 20 F.3d 600, 606 (5th Cir.), *cert. denied*, 513 U.S. 892 (1994).

A district court's determination that a defendant played more than a "minor" role for purposes of U.S.S.G. § 3B1.2 is reviewed only for clear error. *E.g., United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001). Salvatierra's sentence was based on the conduct in which she was directly involved, namely the transportation of drugs across the border. Because her role in the offense was co-extensive with the conduct for which she was held accountable, the district court did not clearly err in denying the reduction. *Id.* at 598-99.

*AFFIRMED*